IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR237 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| PATRICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 121). The government has adopted the PSR. (Filing No. 123.) The Court has also considered the Defendant's motion for downward departure (Filing No. 120) and the supporting brief (Filing No. 122). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

***Defendant's Objections to Revised PSR***

¶ *21 - Investigator Benak's Statements* - The Court is not at liberty to change an investigator's statements. The objection is denied.

¶¶ *24, 25, and 104-06 - Restitution for Lab Cleanup* - The Defendant objects to being responsible for restitution for methamphetamine laboratory cleanup costs.

The Defendant pleaded guilty to Count II of the Indictment charging him with possession of pseudoephedrine with intent to manufacture methamphetamine. The law allows for an order of restitution "involving the manufacture of methamphetamine," defined as an offense including the manufacture of methamphetamine as a "necessary

circumstance, condition, or consequence." *United States v. Gramling,* 417 F.3d 891, 895 (8th Cir. 2005).  See 21 U.S.C. § 853(q)(2).  A conviction under 21 U.S.C. § 841(c)(1) includes the element of intent to manufacture a "controlled substance."

However, Federal Rule of Criminal Procedure 11 provides that, at a change of plea hearing, a defendant be informed of and indicate an understanding of the court's authority to order restitution.  Restitution was not addressed in this case in the plea agreement or at the plea hearing.  (Filing Nos. 93, 98.)  Therefore, the Court lacks the power to order restitution.  The objection is granted.

¶ *32 - First Three and Last Sentences* - The Defendant argues that this language, relating to methamphetamine manufacture and lab cleanup, should be deleted because U.S.S.G. § 2D1.11(b)(3) (enhancement relating to discharge, emission, release, or transportation of hazardous or toxic substances) does not apply.  Although the enhancement does not apply, the objection is denied for the reasons stated in the Addendum to the PSR.

¶¶ *54, 55 - Other Criminal Conduct -* The Defendant objects to uncharged conduct described in ¶ 54 and a dismissed charge described in ¶ 55.  The objections are denied for the reasons stated in the Addendum to the PSR.

***Defendant's Motion for Downward Departure***

The Defendant moves for a downward departure or deviation from the sentencing guideline range based on overstatement of criminal history, U.S.S.G. § 4A1.3(b), and post-offense rehabilitation, U.S.S.G. §§ 5K2.0(a)(1) & (a))(4); 18 U.S.C. § 3553(b)(1).

*Overstatement of Criminal History*

Despite the Defendant's arguments set out in the brief in support of the motion, the Court concludes that the motion should be denied on the basis of overstatement of criminal history. The PSR reflects a history of violent offenses dating back as far as 1987 and numerous misdemeanor offenses that do not warrant criminal history points. The Court finds that criminal history category III adequately reflects the Defendant's criminal history.

*Post-Offense Rehabilitation*

While the Defendant's post-offense rehabilitation is commendable, the Eighth Circuit has offered considerable guidance. The Eighth Circuit has stated that such efforts are already considered under U.S.S.G. § 3E1.1 when the issue of acceptance of responsibility is decided. *United States v. Swick,* 334 F.3d 784, 789 (8th Cir. 2003). And even more importantly, the Eighth Circuit has stated that whenever it has affirmed a downward departure based on extraordinary rehabilitation it has done so only when the rehabilitation began before prosecution. *Id.* In this case, the Defendant's rehabilitation began after he was indicted, and he was obligated to begin treatment pursuant to his pretrial release conditions. Therefore, the Court concludes that, in this case, the Defendant's rehabilitative efforts have been appropriately considered and rewarded through a three-level downward adjustment for acceptance of responsibility. The motion is denied on this basis.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's Objections to the Presentence Investigation Report (Filing No. 121) are granted in part and denied in part as follows:

    a. The objection to ¶¶ 24, 25, and 104-06 is granted;

    b.  otherwise, the objections are denied;

  2.  Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

  3.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

  4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

  5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

  6.  The Defendant's motion for downward departure (Filing No. 120) is denied.

DATED this 1st day of June, 2006.

            BY THE COURT:

            s/Laurie Smith Camp
            United States District Judge